UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PANGEA ADVENTURE
RACING, INC.

        Plaintiff

v.                              Case No. 6:14-cv-957-ORL-37-TBS

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC.

        Defendant
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** The Plaintiff PANGEA ADVENTURE RACING, INC., by and through the undersigned attorney, and files this Complaint against the Defendant RECEIVABLES PERFORMANCE MANAGEMENT, INC. ("RPM"), and would show:

## INTRODUCTION

This action arises out of the facts and circumstances surrounding unlawful telephone calls made from the Defendant to the Plaintiff's cellular telephone. Plaintiff, an individual, brings this action for statutory damages and actual damages against the Defendant, as well as the costs of litigation for the Defendant's violations of the Telephone Consumer Practices Act, 47 U.S.C. § 227 ("TCPA"). These laws regulate the type of equipment organizations may use to contact others without their consent.

## JURISDICTION AND VENUE

1. This is an action for money damages.

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3).

3. Venue lies in this circuit pursuant to 47 U.S.C. § 227(b)(3).

4. This Court has jurisdiction.

## PARTIES

5. Plaintiff is a corporation located in Seminole County, Florida.

6. Defendant RPM is a foreign limited liability company with its principal place of business located at 20816 44th Ave West, Lynnwood, WA 98038, that is in the business of collecting debts, by using the telephone and other means.

## FACTS

7. On or about April 27, 2014, RPM began placing telephone calls to the Plaintiff's cellular telephone for the purpose of collecting a debt.

8. The Plaintiff does not owe a debt to RPM.

9. Upon information and belief, the Plaintiff has never owed a debt to RPM.

10. Each time RPM would place a telephone call to the Plaintiff, when the Plaintiff would answer the call, there would be several seconds of silence, followed by a prerecorded voice stating, "please hold for the next available representative," or a different prerecorded message conveying a similar message.

11. On the majority of the telephone calls, the call would be disconnected by the calling party prior to a live human coming on the telephone line.

12. At no time was there a live human on the telephone line when the Plaintiff would answer the telephone call.

13. Upon information and belief, the aforementioned delay and prerecorded message on the telephone line indicated that RPM was using an automated telephone dialing system, as defined by 47 U.S.C. § 227(a)(1) (hereinafter referred to as an "auto-dialer").

14. The Plaintiff had never given RPM express consent to contact it on its cellular telephone prior to RPM making such telephone calls.

15. RPM willingly made the telephone calls to the Plaintiff's cellular telephone while knowing it did not have the Plaintiff's prior express consent to do so.

16. The following is a list of some of the unlawful telephone calls RPM placed to the Plaintiff:

## THE TELEPHONE CALLS

17. On April 27, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone without the Plaintiff's consent, and delivered a prerecorded message to the Plaintiff when the call was answered.

18. On April 28, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone without the Plaintiff's consent, and delivered a prerecorded message to the Plaintiff when the call was answered.

19. On April 29, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone without the Plaintiff's consent, and delivered a prerecorded message to the Plaintiff when the call was answered.

20. On April 30, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone three (3) times without the Plaintiff's consent, and delivered a prerecorded messages to the Plaintiff when the call was answered.

21. On May 8, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone without the Plaintiff's consent, and delivered a prerecorded message to the Plaintiff when the call was answered.

22. On May 10, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone without the Plaintiff's consent, and delivered a prerecorded message to the Plaintiff when the call was answered.

23. On May 11, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone without the Plaintiff's consent, and delivered a prerecorded message to the Plaintiff when the call was answered.

24. On May 12, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone two (2) times without the Plaintiff's consent, and delivered prerecorded messages to the Plaintiff when the call was answered.

25. On May 14, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone without the Plaintiff's consent, and delivered a prerecorded message to the Plaintiff when the call was answered.

26. On May 15, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone two (2) times without the Plaintiff's consent, and delivered prerecorded messages to the Plaintiff when the call was answered.

27. On May 18, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone without the Plaintiff's consent, and delivered a prerecorded message to the Plaintiff when the call was answered.

28. On May 19, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone two (2) times without the Plaintiff's consent, and delivered prerecorded messages to the Plaintiff when the call was answered.

29. On May 20, 2014, RPM used an auto-dialer to call the Plaintiff's cellular telephone without the Plaintiff's consent, and delivered a prerecorded message to the Plaintiff when the call was answered.

30. Upon information and belief, RPM used an auto-dialer to call the Plaintiff's cellular telephone, and delivered prerecorded messages to the Plaintiff without the Plaintiff's consent on numerous other occasions. The dates and exact number of those calls will be ascertained through discovery.

31. The Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone that RPM was calling.

32. RPM has a documented history of using an auto-dialer to call the cellular telephones of others without their prior express consent. Such history is established by numerous lawsuits and judgments against RPM for a similar pattern of its conduct.

33. At all times herein, RPM either acted on its own accord, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

34. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiff's cellular telephone with an auto-dialer without his express prior consent.

35. In addition, if the Court finds the Defendant willfully and knowingly violated the forgoing section, the court may award treble damages to the Plaintiff for such violations pursuant to 47 U.S.C. § 227 (b)(3).

36. All conditions precedent to the filing of this action have been completed or have been waived.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff repeats, re-alleges and incorporates paragraphs 1-36 as though fully restated herein.

38. RPM is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiff's cellular telephone, and deliver prerecorded messages to the Plaintiff on its cellular telephone without prior express consent.

39. Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA.

40. As a direct and approximate result of RPM's conduct, the Plaintiff has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

WHEREFORE, the Plaintiff respectfully requests this Court enter a judgment in her favor and against the Defendant for:

a. $500.00 statutory damages for each telephone call made in violation of the TCPA over the past two years, pursuant to 47 U.S.C. § 227 (b)(3)(B);

b. Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA over the past two years, pursuant to 47 U.S.C. § 227 (b)(3);

c. Such other or further equitable relief as the Court deems just and proper under the circumstances

## JURY DEMAND

Please take notice that Plaintiff respectfully demands trial by jury in this action.

Dated this 17 day of June, 2014.

Respectfully Submitted:

/s/ Christie D. Arkovich

Christie D. Arkovich, Esq.
Florida Bar No. 963690
Barbara C. Leon, Esq.
Florida Bar No. 482115
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
Attorneys for Plaintiff